UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH LEGASPI, | ) | No. CV 14-05188-VBK |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court for review of the Decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether Plaintiff has acquired work skills from past

          relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy; and

2.    Whether Plaintiff is disabled under §§ 216)(I) and 223(d) of the Social Security Act.

(JS at 2-3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ DID NOT COMMIT ERROR AT STEP FIVE OF THE SEQUENTIAL EVALUATION PROCESS IN IDENTIFYING ALTERNATIVE JOBS THAT ARE AVAILABLE IN THE NATIONAL ECONOMY**

Plaintiff here contends that the Administrative Law Judge ("ALJ") erred in denying her claim at the fifth step of the sequential evaluation process (see 20 C.F.R. § 404.1520(a).)

The ALJ's Decision (AR 14-24) does, indeed, follow the sequential evaluation process. Thus, after determining Plaintiff's medically determinable severe impairments (AR 16), the ALJ found that they do not meet or equal a Listing, and then determined Plaintiff's residual functional capacity ("RFC") as enabling her to perform light work with certain restrictions, the most pertinent of which, for this litigation, include that she "can do other postural activities occasionally, can occasionally perform handling and fingering bilaterally, and can perform overhead reaching frequently." (AR 18.)

Plaintiff contends that the jobs identified by the ALJ at Step

1  Five (see AR at 23) exceed her determined RFC because, she asserts,
2  they require repetitive use of her hands and standing or weight
3  bearing. (See JS, unnumbered pages, under "Issue D.") Plaintiff does
4  not assert error in the ALJ's RFC which concluded that she can only
5  occasionally perform handling and fingering bilaterally (see JS,
6  citing AR 18), but her cental argument is the following:

> "It appears from the descriptions set forth in the
> Dictionary of Occupational Titles ["DOT"] that each of the
> occupations require more than occasional handling and
> fingering bilaterally."

12     Plaintiff's argument, essentially, would appear to be that there
13 is an unexplained deviation between the DOT requirements of the
14 identified jobs and Plaintiff's RFC. As a matter of law, if, in fact,
15 such a deviation is found to exist, it is a clear requirement that an
16 ALJ may only rely on a Vocational Expert's ("VE") testimony if inquiry
17 is first made into whether that testimony conflicts with the DOT. (See
18 Massachi v. Astrue, 486 F.3d 1149 (9th Cir. 2007).)
19     The opinion in Massachi makes clear that Social Security Ruling
20 ("SSR") 00-4p provides unambiguous guidance that requires the
21 adjudicator to discharge an affirmative responsibility to ask about
22 any possible conflict between VE testimony and information provided in
23 the DOT. (See Massachi, 46 F.3d at 1152.) The Record must be clear
24 therefore as to why an ALJ relied on a VE's testimony, particularly in
25 cases where that testimony may conflict with DOT requirements.
26 (Massachi, 46 F.3d at 1153.)
27     Turning to the testimony in this case, which occurred at the
28 hearing before the ALJ (AR 29-53), it is amply clear that the VE as

3

asked by the ALJ about any conflict between her testimony and the exertional requirements of the particular jobs as set forth in the DOT. (See, generally, AR at 44-52, esp. 46, 47.) Further, the Court's review of the very extensive testimony of the VE indicates that the VE's identification of the available jobs specifically took into account the DOT requirements, and thus, did not constitute a simply boilerplate recitation that the testimony of available jobs was consistent with DOT requirements. Since Plaintiff is not asserting that the RFC itself is incorrect, Plaintiff's argument, which essentially is one of explained deviance between the DOT requirements of the job and the RFC, is without merit.

Having thus concluded that there is no error with regard to Plaintiff's first issue, the second issue, which simply asks whether Plaintiff is disabled under provisions of the Social Security Act ("SSA") is entirely dependent on the Court's analysis of the first issue, and for that reason, the Court finds that the second issue has no merit.

Based on the foregoing, the Court concludes that the ALJ's Decision will be affirmed, and this case will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: February 25, 2015                    /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE

4